IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ARGONAUT INSURANCE COMPANY,
a Texas Corporation,

      Plaintiff,

v.

JAMIN D. HUTCHENS, an individual, and
JAMES M. HUTCHENS, an individual,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, ARGONAUT INSURANCE COMPANY ("ARGO"), by and through its undersigned counsel, hereby sues the Defendants, JAMIN D. HUTCHENS and JAMES M. HUTCHENS (collectively "INDEMNITORS"), and states as follows:

### I. JURISDICTION AND VENUE

1. This is an action for declaratory judgment and supplemental relief under 28 U.S.C. §§2201 and 2202.

2. Subject matter jurisdiction is based upon 28 U.S.C. §1332(a)(1), diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds the jurisdictional limits of this Court.

3. Plaintiff, ARGO, is a corporation organized and existing under the laws of the State of Illinois, whose principal place of business is located in Bexar County, Texas, and who is duly registered and authorized to do business in the State of Florida. ARGO is a citizen of the State of Texas.

4. Defendant, JAMIN D. HUTCHENS, is an individual who resides in Stuart, Martin County, Florida and who is otherwise *sui juris*. JAMIN D. HUTCHENS is a citizen of the State of Florida.

5. Defendant, JAMES M. HUTCHENS, is an individual who resides in Stuart, Martin County, Florida and who is otherwise *sui juris*. JAMES M. HUTCHENS is a citizen of the State of Florida.

6. The amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and this Court otherwise has jurisdiction over the subject matter hereof.

7. Venue is proper in this Court as (a) INDEMNITORS reside in this district in the State of Florida, (b) a substantial part of the events or omissions giving rise to the ARGO's claim occurred in this district, and (c) INDEMNITORS are subject to personal jurisdiction in this district at the commencement of this action and there is no district in which the action may otherwise be brought.

8. All conditions precedent to the filing of the instant action have occurred or have otherwise been waived.

## II.   GENERAL ALLEGATIONS

### A. The *Bonds*

9. ARGO issued nine (9) performance and payment bonds on behalf of GandyDancer, LLC, in connection with various construction projects in the state of New Mexico. Of relevance are three (3) performance and payment bonds (collectively, the "*Bonds*") issued on behalf of GandyDancer, LLC, in connection with construction projects in the state of New Mexico (collectively, the "Projects"):

| Bond No. | Obligee | Project |
|---|---|---|
| CMGP0001879 | Albuquerque Metropolitan Arroyo Flood Control Authority (AMAFCA) | Agency and Area-Wide Flood Control Rehabilitation VIIIb |
| CMGP0001894 | Eastern Sandoval County Arroyo Flood Control Authority (ESCAFCA) | Bosque Park/Pond and Collection System |
| CMGP0001952 | Albuquerque Metropolitan Arroyo Flood Control Authority (AMAFCA) | Lower Bear Tributary Arroyo Regional Flood Control and Water Quality Improvements Project |

B. **The *Indemnity Agreement***

10. On or about July 26, 2018, to induce ARGO to issue the *Bonds*, GandyDancer, LLC ("GandyDancer"),[1] JAMIN D. HUTCHENS, and JAMES M. HUTCHENS executed a *General Indemnity Agreement* (the "*Indemnity Agreement*") in favor of ARGO. A true and correct copy of the *Indemnity Agreement* is attached hereto as **Exhibit "A"** and fully incorporated herein for all purposes.

11. The *Indemnity Agreement* defines "Losses" as:

> … any and all (a.) sums paid by Surety to claimants under the Bonds, (b.) sums required to be paid to claimants by Surety but not yet, in fact, paid by Surety, by reason of execution of such Bonds, (c.) all costs and expenses incurred in connection with investigating, paying or litigating any claim under the Bonds, including but not limited to legal fees and expenses, technical and expert witness fees and expenses, (d.) all costs and expenses incurred in connection with enforcing the obligations of the Indemnitors under this Agreement including, but not limited to interest, legal fees and expenses, (e.) all accrued and unpaid premiums owing to Surety for the issuance, continuation or renewal of any Bonds and /or (f.) all other amounts payable to Surety according to the terms and conditions of this Agreement.

(*Indemnity Agreement*, third paragraph of "Definitions" section).

12. Under the *Indemnity Agreement*, the INDEMNITORS promised to exonerate, indemnify, and keep ARGO indemnified from and against all Losses that ARGO has incurred or

---

[1] GandyDancer is not a party to this lawsuit as they filed for bankruptcy on November 21, 2019 in the United States District Court for the District of New Mexico under Cause No. 19-12669.

-3-

anticipates that it will incur by reason of issuing the *Bonds*. Specifically, pursuant to the *Indemnity Agreement*, the INDEMNITORS agreed as follows:

> [T]he Indemnitors hereby agree, for themselves, successors, and assigns, jointly and severally, … [t]o indemnify, hold harmless and Principal and whether or not the Surety shall have paid any sums in partial or complete payment thereof . . . exonerate Surety from and against any and all Losses, as well as any other expense that the Surety may incur or sustain as a result of or in connection with the furnishing, execution, renewal, continuation, or substitution of any Bond(s).

(*Indemnity Agreement*, ¶2).

13. To the extent ARGO makes any payments under the *Bond*s, the INDEMNITORS further agree that "[t]he vouchers or other evidence of any such payment(s) made by ARGO shall be prima facie evidence of the fact and amount of the liability to ARGO, and of ARGO's good faith in making the payment(s)." (*Indemnity Agreement*, ¶2).

14. Moreover, Paragraph 4 of the *Indemnity Agreement* further provides that the INDEMNITORS, jointly and severally, agreed to, upon demand, post collateral with ARGO sufficient to secure ARGO against any claims asserted against the *Bond*s:

> **Collateral Security.** The Indemnitors acknowledge that the Bonds issued on their behalf are to be secured by collateral upon demand. In lieu of fully collateralizing the Bonds prior to their issuance and in consideration for the execution and/or delivery of one or more Bonds, the ***Indemnitors agree to deposit with the Surety, upon demand, an amount of money or other collateral security acceptable to the Surety***, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor, ***equivalent to such amount that the Surety, in its sole judgment, shall deem sufficient to discharge any Losses or to protect it from any potential or anticipated Losse***s. If for any reason the Surety deems it necessary to increase the amount of any such deposit to cover any possible additional liability or loss, the Indemnitors shall deposit with the Surety, immediately upon the Surety's demand, an additional amount of collateral security equal to such increase. The Indemnitors acknowledge that the Surety would not issue any Bonds without the agreement of the Indemnitors to post collateral upon demand. Accordingly, the Indemnitors waive, to the fullest extent permitted by law, each and every right that they may have to contest this requirement to provide collateral under this Agreement (individually and collectively, the "Collateral Requirement").

> *The Indemnitors stipulate and agree that the Surety will suffer irreparable harm and will not have an adequate remedy at law should Indemnitors fail to perform the Collateral Requirement and further agree as a result that the Surety is entitled to specific performance of the Collateral Requirement.* (Emphasis added)

### C. Losses and Exposure under the *Bonds*

15. ARGO has incurred Losses under the *Bond*s.

16. As a result of claims asserted against the *Bond*s, ARGO adjusted, settled or compromised claims, demands, suits or judgments upon the *Bond*s as provided for under the *Indemnity Agreement*. As of the date of this lawsuit, ARGO has made the following payments to claimants in satisfaction or settlement of claims asserted against the *Bond*s, totaling $1,520,436.84:

| Loss Date | Bond | Payee | Loss Paid |
|---|---|---|---|
| 08/06/2019 | CMGP0001894 | Universal Constructors, Inc. | $6,502.18 |
| 08/06/2019 | CMGP0001894 | Vulcan Materials Co. | $23,938.31 |
| 05/28/2020 | CMGP0001879 | Albuquerque Metropolitan Arroyo Flood Control Authority (AMAFCA) | $874,916.37 |
| 05/28/2020 | CMGP0001952 | Albuquerque Metropolitan Arroyo Flood Control Authority (AMAFCA) | $615,079.98 |

17. Additionally, ARGO continues to be exposed to liability under the *Bonds* for losses and expenses as defined in the *Indemnity Agreement*.

18. By correspondence dated June 29, 2019 and March 23, 2021, ARGO made demand upon the INDEMNITORS to immediately satisfy their obligations under the *Indemnity Agreement* by indemnifying, exonerating, and collateralizing ARGO against any losses incurred in connection with ARGO's issuance of the *Bond*s. A true and correct copy of the June 29, 2019 and March 23, 2021 correspondence are attached hereto as ***Exhibit "B"*** and ***Exhibit "C"***, respectively, and fully incorporated herein for all purposes.

19. Despite such demands, the INDEMNITORS have failed and continue to fail and/or

refuse to fulfill their obligations to ARGO under the *Indemnity Agreement*.

20. ARGO has retained the services of the undersigned counsel to represent its interests in this matter and is required to pay a reasonable fee for such services.

21. Under the *Indemnity Agreement*, the INDEMNITORS, jointly and severally, agreed to be liable for, and agreed that ARGO is entitled to recover from the INDEMNITORS, any and all attorneys' fees and costs incurred in the prosecution of any action under the *Indemnity Agreement*.

## COUNT I – CONTRACTUAL INDEMNIFICATION

22. ARGO re-alleges and re-avers the allegations of paragraphs 1 through 21 hereof, as if fully set forth herein.

23. This is an action for damages seeking relief at law under the *Indemnity Agreement*.

24. There exists a valid and fully enforceable contract between ARGO and the INDEMNITORS, the terms of which are memorialized in the *Indemnity Agreement*.

25. ARGO has fully performed all of its obligations under the *Indemnity Agreement*.

26. As a result of the claims against the *Bond*s, ARGO has made demand upon the INDEMNITORS under the *Indemnity Agreement* for the payment in satisfaction of the losses and/or expenses incurred and/or to be incurred by ARGO.

27. As a proximate result of the INDEMNITORS' breach of their obligations under the *Indemnity Agreement*, ARGO has and will continue to incur substantial financial damages, including but not limited to the expenditure of funds paid: (i) in defense of the pending claims against the *Bond*s; (ii) in resolution of the pending claims against the *Bond*s; and/or (iii) in resolution of the instant litigation.

-7-

WHEREFORE, ARGO respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against INDEMNITORS, awarding ARGO its compensatory damages which have been and/or will be incurred as a result of the INDEMNITORS' breach of the *Indemnity Agreement*, awarding ARGO its attorneys' fees and costs incurred in prosecution of the instant action pursuant to the terms of the *Indemnity Agreement*, and awarding ARGO such other and further relief as this Court deems necessary, just and proper.

## COUNT II - CONTRACTUAL EXONERATION

28. ARGO re-alleges and re-avers the allegations of paragraphs 1 through 21 hereof, as if fully set forth herein.

29. This is an action for contractual exoneration.

30. ARGO has incurred and/or will incur losses and expenses associated with its investigation, defense and/or handling of the above-described claims against the *Bond*s. Additional indebtedness under the *Indemnity Agreement* due and owing from the INDEMNITORS to ARGO will continue to accrue, including but not limited to the expenditure of funds paid: (i) in defense of the pending claims against the *Bond*s; (ii) in resolution of the pending claims against the *Bond*s; and/or (iii) in resolution of the instant litigation.

31. Pursuant to ¶ 2 of the *Indemnity Agreement*, the INDEMNITORS, jointly and severally, agreed to exonerate ARGO from and against any losses and/or expenses incurred and/or to be incurred in connection with ARGO's issuance of the *Bond*s.

32. By virtue of the right of exoneration set forth in the *Indemnity Agreement*, the ARGO is entitled to the INDEMNITORS' assets to protect ARGO from any and all losses and/or expenses which may be incurred in connection with ARGO's issuance of the *Bond*s.

33. The INDEMNITORS have failed to satisfy their obligations under the *Indemnity Agreement* by refusing to exonerate or otherwise place funds with ARGO sufficient to cover the losses and/or expenses incurred and/or to be incurred under the *Bond*s.

34. Unless the personal assets of the INDEMNITORS are collateralized, ARGO will not be adequately secured for its obligation on the *Bond*s.

WHEREFORE, ARGO respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against INDEMNITORS, requiring INDEMNITORS to perform under the *Indemnity Agreement* as follows: (a) exonerate ARGO for its potential losses and expenses to be incurred under the *Bond*s; (b) pay and reimburse ARGO for its attorneys' fees and costs incurred in prosecution of the instant action; and (c) award ARGO such other and further relief as this Court deems necessary, just and proper.

## COUNT III
## SPECIFIC PERFORMANCE / INJUNTIVE RELIEF
## DEMAND FOR POSTING OF COLLATERAL

35. ARGO re-alleges and re-avers the allegations of paragraphs 1 through 21 hereof, as if fully set forth herein.

36. This is an action for specific performance seeking equitable relief.

37. There exists a valid and fully enforceable contract between ARGO and the INDEMNITORS, the terms of which are memorialized in the *Indemnity Agreement*.

38. ARGO has fully performed all of its obligations under the *Indemnity Agreement*.

39. Pursuant to the ¶ 4 of the *Indemnity Agreement*, the INDEMNITORS, jointly and severally, agreed to, upon demand, post collateral with ARGO sufficient to secure ARGO against any claims asserted against the *Bond*s.

40. Pursuant to the *Indemnity Agreement*, the INDEMNITORS, jointly and severally, agreed to, upon demand, discharge ARGO from liability under the *Bond*s or, in the absence of such discharge, place ARGO in possession of sufficient funds to meet the ARGO's liabilities.

41. As a result of the pending claims against the *Bond*s, ARGO has made demands upon the INDEMNITORS under the *Indemnity Agreement* to discharge ARGO's liabilities and/or to post collateral to cover the ARGO's actual and/or potential losses and expenses.

42. Despite such demands, the INDEMNITORS have failed and/or refused to fully perform their obligations under the *Indemnity Agreement*, including but not limited to their obligation to discharge the bond and/or post satisfactory collateral upon demand by ARGO.

43. The INDEMNITORS' failure to obtain the discharge of the *Bond*s and/or deposit the demanded collateral with ARGO in accordance with the *Indemnity Agreement* has and continues to cause irreparable harm for which ARGO has no adequate remedy at law, to which the INDEMNITORS expressly agreed and understood in ¶ 4 of the *Indemnity Agreement*.

44. ARGO is fearful and apprehensive that the INDEMNITORS are or will become financially unable to pay any amounts that may be found owing to the various claimants under the *Bond*s for which ARGO may be liable, or that the INDEMNITORS, based upon their refusal to obtain the discharge of the *Bond*s and/or deposit the demanded collateral with ARGO in accordance with its demands, will sell, transfer, dispose of, lien, secure or otherwise divert or conceal their assets. ARGO is also fearful and apprehensive that the INDEMNTIORS will be financially unable to pay the expenses incurred and/or to be incurred by ARGO, including attorneys' fees.

45. ARGO is entitled to legal and equitable relief for specific performance of the INDEMNITORS' obligation to obtain the discharge of the *Bond*s and/or deposit the demanded

collateral with ARGO.

46.     In the absence of the equitable relief sought herein, ARGO will suffer irreparable damage and loss because it will be forced to advance further funds in connection with the various claims on the *Bond*s without being adequately secured by the INDEMNITORS for its obligations under the *Bond*s.

47.     By virtue of the rights under the *Indemnity Agreement*, ARGO is entitled to have the INDEMNITORS post funds or other security with ARGO that is sufficient to cover the actual and/or anticipated losses and claims under the *Bond*s.

48.     Unless the relief in the nature herein requested or its equivalent is granted, the ARGO's equitable rights will be forever lost, depriving the ARGO of adequate security for its obligations under the *Bond*s.  Further, unless the equitable relief requested below is granted, INDEMNITORS are likely to sell, transfer, dispose, lien, secure, or otherwise, divert their assets from being used to discharge INDEMNITORS' obligations to the ARGO.

49.     ARGO has a high probability of success on the merits, as GandyDancer's failure to satisfy the various claims under *Bond*s have triggered the INDEMNITORS' obligations under the *Indemnity Agreement*.

50.     The threatened injury to ARGO outweighs the potential damage to the INDEMNITORS if the relief requested herein is granted, and such relief would not be adverse to the public interest.

WHEREFORE, ARGO respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against INDEMNITORS, granting ARGO specific performance of the *Indemnity Agreement* by directing INDEMNITORS to either obtain the discharge of the *Bond*s or provide satisfactory collateral to ARGO to cover ARGO's actual and/or potential losses and

expenses, awarding ARGO its attorneys' fees and costs incurred in prosecution of the instant action pursuant to the terms of the *Indemnity Agreement*, and awarding ARGO such other and further relief as this Court deems necessary, just and proper.

## COUNT IV
## SPECIFIC PERFORMANCE / INJUNCTIVE RELIEF
## DEMAND FOR PRODUCTION OF BOOKS AND RECORDS

51.     ARGO re-alleges and re-avers the allegations of paragraphs 1 through 21 hereof, as if fully set forth herein.

52.     This is an action for specific performance seeking equitable relief.

53.     There exists a valid and fully enforceable contract between ARGO and the INDEMNITORS, the terms of which are memorialized in the *Indemnity Agreement*.

54.     ARGO has fully performed all of its obligations under the *Indemnity Agreement*.

55.     Pursuant to the ¶ 6 of the *Indemnity Agreement*, each of the INDEMNITORS agreed to provide ARGO with complete access to the INDEMNITORS' books, records and accounts:

> **Access to Books and Records.** In the event the Surety receives a claim under any Bond or establishes, in its sole discretion, a reserve in anticipation of incurring Losses, the Surety shall have the right to reasonable access to the books, records, and accounts of the Indemnitors for the purpose of examining the same.

56.     INDEMNITORS have failed and/or refused to fully perform their obligations under the *Indemnity Agreement*.

57.     INDEMNITORS' failure to provide access to the books, records, and accounts of the INDEMNITORS in accordance with the *Indemnity Agreement,* has and continues to cause irreparable harm for which ARGO has no adequate remedy at law.

58.     ARGO is entitled to equitable relief for specific performance of the INDEMNITORS' obligations to produce their books, records, and accounts.

-12-

WHEREFORE, ARGO respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against INDEMNITORS, granting ARGO specific performance of the *Indemnity Agreement* by directing INDEMNITORS to immediately produce to ARGO for inspection and/or copying all of their books and records awarding ARGO its attorneys' fees and costs incurred in prosecution of the instant action pursuant to the terms of the *Indemnity Agreement*, and awarding ARGO such other and further relief as this Court deems necessary, just and proper.

DATED this 8th day of April 2021.

**ETCHEVERRY HARRISON LLP**
Attorneys for Argonaut Insurance Company
150 South Pine Island Road, Suite 105
Ft. Lauderdale, FL 33324
Phone: (954) 370-1681
Fax: (954) 370-1682
etcheverry@etchlaw.com
jetcheverry@etchlaw.com
service@etchlaw.com

By: */s/ Edward Etcheverry*
　　Edward Etcheverry, Fla. Bar No.: 856517
　　Justin Etcheverry, Fla. Bar No.: 1002742