UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 2:21-CV-14162-AMC

ARGONAUT INSURANCE COMPANY,
a Texas Corporation,

      Plaintiff,

v.

JAMIN D. HUTCHENS, an individual, and
JAMES M. HUTCHENS, an individual,

      Defendants.

_____/

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL
FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Argonaut Insurance Company (the "Surety"), by and through its undersigned counsel, pursuant to Rule 56, *Federal Rules of Civil Procedure*, and S.D. LOCAL RULE 56.1, hereby files its Statement of Undisputed Material Facts in Support of its Motion for Final Summary Judgment (the "Statement") against Defendants, Jamin D. Hutchens and James M. Hutchens (collectively, the "Indemnitors").[1]

**A.**    **The Indemnity Agreement**

1.    On or about July 26, 2018, to induce the Surety to issue the Bonds, the Indemnitors executed a General Indemnity Agreement (the "Indemnity Agreement"), the purpose of which was

---

[1] The Statement is supported by the Affidavit of Stephanie Shear (the "Shear Affidavit"), attached hereto as **Exhibit "A"**, and the following attachments thereto:

| | | |
|---|---|---|
| | **Exhibit A-1:** | General Indemnity Agreement dated July 26, 2018; |
| | **Exhibit A-2:** | List of Bonds issued by Argonaut Insurance Company under the Indemnity Agreement; |
| | **Exhibit A-3:** | Demand Letter dated March 23, 2021; |
| | **Exhibit A-4:** | Proof of Payment – Paid Losses |

to induce the Surety to furnish bonds on behalf of the Indemnitors and protect the Surety from any loss or expense it may incur arising from or related to the issuance of any such bonds.[2]

2. The Indemnity Agreement, in part, provides as follows:

[T]he Indemnitors hereby agree, for themselves, successors, and assigns, jointly and severally, as follows:

. . .

**2. Indemnity.** To indemnify, hold harmless and exonerate Surety from and against any and all Losses, as well as any other expense that the Surety may incur or sustain as a result of or in connection with the furnishing, execution, renewal, continuation, or substitution of any Bond(s).[3]

3. The Indemnity Agreement defines the term "Losses" to mean:

[A]ny and all *(a.) sums paid by Surety to claimants under the Bonds*, (b.) sums required to be paid to claimants by Surety but not yet, in fact, paid by Surety, by reason of execution of such Bonds, (c.) all costs and expenses incurred in connection with investigating, paying or litigating any claim under the Bonds, including but not limited to legal fees and expenses, technical and expert witness fees and expenses, *(d.) all costs and expenses incurred in connection with enforcing the obligations of the Indemnitors under this Agreement including, but not limited to interest, legal fees and expenses*, (e.) all accrued and unpaid premiums owing to Surety for the issuance, continuation or renewal of any Bonds and/or (f.) all other amounts payable to Surety according to the terms and conditions of this Agreement.[4]

4. Under the terms of the Indemnity Agreement, the Indemnitors agreed that the Surety "shall have the right, it its sole discretion, to determine for itself and the Indemnitors whether any claim, demand or suit brought against the Surety or any Indemnitor in connection with or relating to any Bond shall be paid …, and its determination shall be final, binding and conclusive upon the Indemnitors."[5]

---

[2] *See* **Exhibit A-1**; General Indemnity Agreement (hereinafter, the "Indemnity Agreement"); *see also* **Exhibit A**, Shear Affidavit, ¶ 5.
[3] *See* **Exhibit A-1**, Indemnity Agreement, ¶ 2.
[4] *See* **Exhibit A-1**, Indemnity Agreement, p. 1 (emphasis added).
[5] *See* **Exhibit A-1**, Indemnity Agreement, ¶ 13.

5. The Indemnitors further agreed that "[t]he vouchers or other evidence of any such payment(s) made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety, and of the Surety's good faith in making the payment(s)."[6]

6. The Indemnity Agreement provides that any amounts due to the Surety under the Indemnity Agreement "shall accrue interest from the date of the Surety's demand at 130% of the prime rate of interest in effect on December 31st of the previous calendar year as published in the Wall Street Journal"—or 4.225%.[7]

**B.    The Bonds and the Losses.**

7. In reliance on its rights and the Indemnitors' obligations under the Indemnity Agreement, the Surety issued nine (9) bonds at the request of the Indemnitors' in favor of Defendant GandyDancer, LLC ("GandyDancer") as principal, with various penal sums. Such bonds shall hereinafter be referred to as the "Bonds." The total outstanding penal sum of the Bonds is $6,449,571.44.[8]

8. After the Surety issued the Bonds on behalf of GandyDancer, the Indemnitors failed or were unable to fully and satisfactorily perform their contractual obligations and/or discharge indebtedness arising under the Bonds.[9]

9. The Surety received claims on all nine (9) Bonds issued in favor of GandyDancer. Argo notified the Indemnitors of the claims and requested assistance in the form of information and defenses, but the Indemnitors ignored these requests. Ultimately, the Surety resolved all such

---

[6] See **Exhibit A-1**, Indemnity Agreement, ¶ 2.
[7] See **Exhibit A-1**, Indemnity Agreement, ¶ 15 (The Wall Street Journal prime as of December 31, 2020, the December 31st of the year prior to the demand, was 3.25%, therefore, 130% of that rate is 4.225%).
[8] See **Exhibit A-2**, List of Bonds issued by Argonaut Insurance Company under the Indemnity Agreement (hereinafter, the "Bonds"); see also **Exhibit A**, Shear Affidavit. ¶ 6.
[9] See **Exhibit A**, Shear Affidavit, ¶ 7.

claims, as it is entitled to, in its sole discretion, under the terms of the Indemnity Agreement. The total amount of paid claims equals $1,520,436.84.[10]

10. In addition to the paid claims, the Surety has incurred expenses and costs, including attorneys' fees and court costs thru June 1, 2020, in the amount of $204,063.44 in (i) making investigations in connection with the Bonds; (ii) prosecuting and/or defending actions in connection with the Bonds; (iii) obtaining releases of certain of the Bonds, or (iv) recovering or attempting to recover Property in connection with the Bonds.[11]

11. In addition to the incurred expenses and costs associated with the Claims, the Surety has incurred expenses and costs, including attorneys' fees and court costs thru September 30, 2021, in the amount of $21,489.82 in enforcing by litigation or otherwise the provisions of the Indemnity Agreement.[12]

12. The Surety, as a performing surety, recovered $334,892.21 in bonded contract funds under its subrogation rights.[13]

13. Interest accrued from the date of the Surety's demand (March 23, 2021) through September 30, 2021 on the Surety's net paid claims and costs and expenses (excluding attorneys' fees and expenses in connection with the enforcement of and this litigation on the Indemnity Agreement) at the rate 4.225% is $30,722.71.[14]

14. As of September 30 2021, the Surety's total Loss, as such term is defined in the

---

[10] *See* **Exhibit A**, Shear Affidavit, ¶ 8; *see also* **Exhibit A-1**, Indemnity Agreement, ¶ 13.
[11] *See* **Exhibit A**, Shear Affidavit, ¶ 13.
[12] *See* **Exhibit A**, Shear Affidavit, ¶ 14.
[13] *See* **Exhibit A**, Shear Affidavit, ¶ 15.
[14] Calculated as 191 days of interest at a rate of 4.225% per annum, which is 130% of 3.25%, which was the Wall Street Journal Prime rate on December 31, 2020; *see* **Exhibit A**, Shear Affidavit, ¶ 16.

CASE NO.: 2:21-CV-14162-AMC

Indemnity Agreement, is $1,441,820.60, excluding attorneys' fees and expenses in connection with the enforcement of and this litigation on the Indemnity Agreement:[15]

**Calculation of Total Loss Thru September 30, 2021:**

| | |
|---|---|
| Total Paid Claims: | $1,520,436.84 |
| Total Investigative Fees & Expenses: | $204,063.44 |
| Subtotal | $1,724,500.28 |
| Subrogation Recovery: | ($334,892.21) |
| Total Paid Loss: | $1,389,608.07 |
| Interest (4.225% from March 23, 2021): | $30,722.71 |
| **Total Loss Before Attorney Fees:** | **$1,420,330.78** |
| Attorney Fees (thru Sept. 30, 2021): | $21,489.82 |
| **Total Loss (thru Sept. 30, 2021):** | **$1,441,820.60** |

**C.   Indemnitors Failure to Meet Their Obligations Under the Indemnity Agreement**

15.   Pursuant to the Surety's rights under the Indemnity Agreement, the Surety contacted the Indemnitors on March 23, 2021, to demand that the Indemnitors indemnify, hold harmless, and exonerate the Surety from all Losses on the Bonds. The Indemnitors failed to respond or otherwise comply with the Surety's demand from March 23, 2021.[16]

16.   The Surety stated that nothing in its correspondence shall be construed as a waiver of any rights and/or remedies to which the Surety is entitled, and expressly reserved all of its rights.[17]

17.   Despite the Surety's written demand made on March 23, 2021, the Indemnitors have failed to indemnify, hold harmless and exonerate the Surety as promised under the Indemnity Agreement.[18]

---

[15] *See* **Exhibit A**, Shear Affidavit, ¶¶ 8, 13 & 15-17; *see also*, **Exhibit A-4**, Proof of Payment of Paid Losses.
[16] *See* **Exhibit A-3**, March 23, 2021 Demand Letter; **Exhibit A**, Shear Affidavit, ¶ 9.
[17] *See* **Exhibit A-3**, March 23, 2021 Demand Letter; *see also* **Exhibit A**, Shear Affidavit, ¶ 10.
[18] *See* **Exhibit A**, Shear Affidavit, ¶ 11; *see also* **Exhibit A-3**, March 23, 2021 Demand Letter.

18.     Despite the clear, unambiguous language of the Indemnity Agreement setting forth the Surety's rights and the Indemnitors' obligations, the Indemnitors have yet to indemnify and hold harmless the Surety. Therefore, the Indemnitors have breached the Indemnity Agreement by failing to perform their specific obligations and agreements contained in the Indemnity Agreement.[19]

19.     As a result of the Indemnitors breach of the Indemnity Agreement, the Surety has been damaged in the amount of $1,441,820.60, as of September 30, 2021.[20]

Dated this the 14th day of October, 2021.

| | |
|---|---|
| **ETCHEVERRY HARRISON LLP** | **KREBS, FARLEY & DRY, PLLC** |
| Attorneys for Argonaut Insurance Company | *Co-Counsel for Argonaut Insurance Company* |
| 150 South Pine Island Road, Suite 105 | Steven K. Cannon, Esq. |
| Ft. Lauderdale, FL 33324 | 909 18th Street |
| Phone: (954) 370-1681 \| Fax: (954) 370-1682 | Plano, TX 75074 |
| etcheverry@etchlaw.com | Tel. (972) 737-2517 |
| service@etchlaw.com | scannon@krebsfarley.com |
| | |
| By: */s/ Justin Etcheverry* | By: */s/ Steven K. Cannon* |
| Edward Etcheverry, Fla. Bar No.: 856517 | Steven K. Cannon, TX. Bar No. 24086997 |
| Justin Etcheverry, Fla. Bar No.: 1002742 | |

---

[19] See **Exhibit A**, Shear Affidavit, ¶ 12; *see also* **Exhibit A-1**, Indemnity Agreement, ¶ 2.
[20] See **Exhibit A**, Shear Affidavit, ¶ 17; *see also* **Exhibit A-4**, Proof of Payment of Paid Losses.

CASE NO.: 2:21-CV-14162-AMC

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this the 14th day of October, 2021, we filed the foregoing with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of electronic Filing.

By: */s/ Justin Etcheverry*
Justin Etcheverry, Fla. Bar No.: 1002742